# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JEFFREY JOHNSON,

    Plaintiff,

    v.

STEINER AND ASSOCIATES,
*et al.*,

    Defendants.

Civil Action 2:18-cv-584
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Defendants Steiner and Associates, Donna Gorsky, and Austin Ellsworth. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis*, which is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for lack of subject matter jurisdiction.

**I.**

Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief maybe granted. 2 8 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

In addition, a federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.**

Plaintiff's Complaint in its entirety states as follows:

On Thursday, December 1st 2017 I was summoned by head of Security Justin Ellsworth and head of Human Resources Donna Gorsky to meet in the offices of

> Steiner and Associates. I was under the belief that I was being given the results of a complaint that I had filed but I was actually being terminated from my employment as Security Officer for Easton Security. The only reason that was given for my termination was that
>
> 1. I had to use the restroom that was outside of my assigned area and
> 2. poor performance.
>
> Since the restroom was actually within my assigned area and that I had been given no formal write ups for any performance issues, I believe that my termination was Trumped [sic] up and due to complaints that I had filed with Ms[.] Gorsky concerning hostile working condition and the three complaints I had filed with the Ohio Civil Rights Comission [sic].
>
> Therefore I am citing The Ohio Civil Rights act [sic] (1515.39) on retaliation as the basis for my complaint to the courts[.]

(ECF No. 1-1 at PAGEID # 7.) Plaintiff seeks monetary damages in the amount of $1 million. (*Id.* at PAGEID # 8.)

The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction[,]" Fed. R. Civ. P. 8(a)(1), because Plaintiff has failed to allege a claim arising under federal law and it does not appear that complete diversity exists. Plaintiff specifically asserts that the Ohio Civil Rights Act, Ohio Rev. Code § 4112 ("OCRA"), serves as the basis for his Complaint. (ECF No. 1-1 at PAGEID # 7.) Accordingly, Plaintiff's claim does not state a claim arising under federal law. *Id.*; *cf. Moorer v. Summit Cty. Dep't of Job and Family Servs.*, No. 5:10-cv-457, 2011 WL 2746098, at *10 (N.D. Ohio July 14, 2011) (identifying claims under the Ohio Civil Rights Act as state law claims and declining to exercise supplemental jurisdiction over these claims).

Moreover, Plaintiff cannot successfully invoke this Court's diversity jurisdiction with regard to his state-law OCRA claim because there does not appear to be complete diversity of citizenship. As the party invoking federal jurisdiction, Plaintiff bears the burden of proving that diversity of citizenship exists. *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co.,*

3

*Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) ("As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction."); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 16-cv-12380, 2016 WL 4073561, at *3 (E.D. Mich. Aug. 1, 2016) ("The citizenship of the parties is a jurisdictional fact in diversity actions. The burden is on the plaintiff—the party invoking federal jurisdiction—to plead and prove such facts."). Here, Plaintiff and Defendant Steiner and Associates are both Ohio residents. (ECF No. 1-1 at PAGEID ## 4–5 (listing Plaintiff's address in Columbus, Ohio, and identifying Defendant Steiner and Associates' address as 160 Easton Town Center, Columbus, Ohio 43219).) Plaintiff does not assert that Defendants Gorsky and Ellsworth are citizens of another state and Plaintiff specifically failed to invoke this Court's jurisdiction under 28 U.S.C. § 1332. (*Id*. at PAGEID # 5 (checking only the box entitled "Title 28 U.S.C. § 1343(3)" as the basis of subject matter jurisdiction while leaving unchecked the box entitled "Title 28 U.S.C. § 1332(a)(1)").) Based on this record, Plaintiff has not demonstrated that diversity of citizenship exists. Accordingly, the Undersigned cannot discern a basis for federal jurisdiction.

### III.

For the reasons explained above, the Court lacks subject matter jurisdiction over this action. It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(h)(3).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED**.

Date: July 2, 2018                                    /s/ *Elizabeth A. Preston Deavers*
                                                            ELIZABETH A. PRESTON DEAVERS
                                                            UNITED STATES MAGISTRATE JUDGE