# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Jeffrey Johnson,

    Plaintiff,

v.

    Case No. 2:18-cv-584

Steiner and Associates, *et al.*,

    Judge Michael H. Watson

    Defendants.

    Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff moved for leave to proceed *in forma pauperis* and filed a *pro se* Complaint in this case. ECF No. 1. The Complaint expressly invokes this Court's subject matter jurisdiction.

Upon initial screening pursuant to 28 U.S.C. § 1915, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court dismiss this case for lack of subject matter jurisdiction because in the Complaint, Plaintiff specifically stated, "I am citing The Ohio Civil Rights act (1515.39) on retaliation as the basis for my complaint to the courts." Compl., ECF No. 1-1. As the Complaint failed to allege a claim under federal law, the R&R correctly concluded that the Court lacked subject matter jurisdiction over the Complaint.[1]

Plaintiff objects to the R&R. ECF No. 4. The objection does not argue that the Magistrate Judge's R&R was incorrect in any way, however. Rather, it purports to be a "revised complaint," Obj., ECF No. 4, and argues that the revised complaint brings

---

[1] Moreover, as the Magistrate Judge correctly concluded in the R&R, ECF No. 2, it appears there is no diversity jurisdiction in this case, and none has been alleged in the Complaint.

federal claims. The "objection" then restates the Complaint in a slightly more robust manner and alleges violations of Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Obj., ECF No. 4.

Because the R&R is correct that the original Complaint fails to invoke a federal claim or allege diversity jurisdiction, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE** for lack of jurisdiction pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff's purported Amended Complaint, filed as an objection to the R&R, does not preclude dismissal of this action. *Moniz v. Hines*, 92 F. App'x 208 (6th Cir. 2004) ("[A] district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. §1915(e)(2)." (citations omitted)).

The Clerk shall terminate this case.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT